IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DONNELL SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:12-cr-00415-DCN-2 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Christopher Donnell Simmons's ("Simmons") motion to reduce his sentence pursuant to 28 U.S.C. § 2255, ECF No. 335. On May 8, 2012, a grand jury issued a ten-count indictment against Simmons and two co-defendants. On January 7, 2013, Simmons pled guilty to four counts: conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 1), Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count 2), and two counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924 (c)(1) (Counts 3 and 10). Count 3 relates to the robbery offense charged in Count 2, and Count 10 relates to the conspiracy charged in Count 1. The United States of America ("the government") dismissed the other six counts as to Simmons. On May 1, 2014, Simmons was sentenced to a total term of 220 months of imprisonment, which consisted of 100 months for Counts 1 and 2 to run concurrently, 60 months for Count 3 to run consecutively to other terms imposed, and 60 months for Count 10 to run consecutively to other terms imposed.

Simmons filed several motions to vacate pursuant to § 2255, all of which he subsequently withdrew. Then, on November 29, 2012, Simmons filed a § 2255 motion

1

asking the court to vacate his conviction and sentence for Count 10. ECF No. 335. Simmons argues that his § 924(c) conviction and sentence under Count 10 must be vacated because his conviction was predicated on conspiracy to commit Hobbs Act Robbery, and in light of United States v. Simms, 914 F.3d 229 (4th Cir. 2019), and United States v. Davis, 139 S. Ct. 2319 (2019), Hobbs Act conspiracy no longer qualifies as a predicate crime of violence under § 924(c). The government filed a response in support of Simmons's motion, agreeing that Simmons's conviction under Count 10 should be vacated and Simmons should be resentenced. ECF No. 343.

The court agrees with the parties that Simmons's § 924(c) conviction under Count 10 should be vacated and that Simmons is entitled to resentencing. Because Davis found the residual clause of § 924(c) to be unconstitutionally vague, Simmons's § 924(c) convictions can stand only if his predicate offense, Hobbs Act robbery conspiracy, qualifies as a crime of violence under § 924(c)'s force clause. The Fourth Circuit has held that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the force clause, Simms, 914 F.3d at 233–34, meaning Simmons's § 924(c) conviction under Count 10 is no longer valid.

In addition, the government draws the court's attention to the fact that Simmons explicitly waived his right to attack his conviction and sentence under § 2255 in his plea agreement but contends that Simmons's claim falls outside of the scope of this waiver because he is actually innocent of Count 10. Courts will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). "A proper showing of 'actual innocence' is sufficient to satisfy the 'miscarriage of justice' requirement." Wolfe v. Johnson, 565

F.3d 140, 160 (4th Cir. 2009). A § 2255 petitioner can be found actually innocent of a convicted offense that requires a predicate offense when subsequent law applies retroactively and invalidates the use of the predicate offense. Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013). Here, as the government contends, because Hobbs Act conspiracy can no longer serve as a predicate for a § 924(c) conviction, Simmons is actually innocent of Count 10, meaning his § 2255 motion is outside of the scope of his waiver in his plea agreement.[1]

The government also notes that in previous cases, the government has argued that the court should permit the government to reinstate on remand any counts that were dismissed pursuant to a plea agreement. However, the government clarifies that here, it does not ask the court to allow it to reinstate the dismissed counts.

---

[1] Neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect. However, the Fifth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively. See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019). The court agrees with the reasoning of these courts and gives Davis retroactive effect.

In light of the development of the law and the parties' agreement on this issue, the court **GRANTS** Simmons's motion and vacates his conviction for a violation of § 924(c) under Count 10. This matter is set for resentencing on March 13, 2020 at 10:30 A.M.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**February 6, 2020**
**Charleston, South Carolina**